IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KILO MCGARRAH** | : | **CIVIL ACTION** |
| *Plaintiff-pro se* | : | |
| | : | **NO. 13-7603** |
| **v.** | : | |
| | : | |
| **JOHN DELANEY,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                           JANUARY 13, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Presently before this Court is the failure of *pro-se* Plaintiff Kilo McGarrah ('Plaintiff') to respond to the August 12, 2016 Order issued by the Honorable Mitchell S. Goldberg. [ECF 14]. That Order specifically directed Plaintiff, *inter alia*, to file either a response to Defendants' motion to dismiss (filed by Defendants on November 28, 2014) or a request that the Court decide the motion without a response from him. [*Id*.]. The Order further advised that if he failed to comply with the Order, "the court may dismiss this action for lack of prosecution." [*Id*.]. As of the date of this Memorandum Opinion, Plaintiff has filed neither nor responded, in any manner, to the Order.[1]

In light of the procedural posture of this case, and after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co*., 747 F.2d 863 (3d Cir. 1984), for the reasons set forth, this matter is dismissed for failure to prosecute.

---

[1] This matter was reassigned to the undersigned's docket on December 20, 2016. [ECF 15].

**BACKGROUND**

On December 26, 2013, Plaintiff filed an application to proceed in *forma pauperis*, (the "IFP application"). [ECF 1]. The IFP application was granted by Order dated April 16, 2014, [ECF 4], and Plaintiff's complaint was docketed. [ECF 5].[2] On November 28, 2014, Defendants John Delaney, Louis Giorla, and Michael Nutter (collectively, "Defendants") filed a motion to dismiss.[3] [ECF 6]. By letter dated December 24, 2014, the Court directed Plaintiff to file by January 19, 2015, either a response to Defendants' motion to dismiss or a motion for the appointment of counsel. On January 22, 2015, Plaintiff filed a motion for appointment of counsel, [ECF 8], which was provisionally granted by Order dated February 10, 2015. [ECF 9]. The matter was referred to the *Prisoner Civil Rights Panel*, and placed in civil suspense pending appointment of counsel. [*Id*.].

By letter dated June 15, 2015, Plaintiff was advised that despite his case having been listed on the Court's extranet site for four months, no attorney on the *Prisoner Civil Rights Panel* had volunteered to represent him. [ECF 10]. The letter directed Plaintiff, under the Court's procedures, to file a notice with the Court if he wished to proceed with his lawsuit without a lawyer. [*Id*.]. The letter further advised that if Plaintiff did not respond to the letter within twenty (20) days, his case may be dismissed for lack of prosecution. [*Id*.]. Plaintiff did not respond to this letter.

Plaintiff was sent an identical letter as the one described above on October 13, 2015. [ECF 11]. In it, Plaintiff was again warned that if he did not respond within twenty (20) days, his case may be dismissed for lack of prosecution. [*Id*.]. Plaintiff did not respond. Plaintiff was

---

[2] The IFP Order also dismissed the claims asserted against the House of Corrections.
[3] Though Plaintiff also asserted claims against Stephen Madva, the summons addressed to this Defendant was returned unexecuted. [ECF 7]. To date, this Defendant has never been served.

2

then sent another similar letter on February 8, 2016. [ECF 12]. This letter again advised that Plaintiff's case might be dismissed if he failed to respond within twenty (20) days. [*Id*.]. Though this third letter was sent to the only address provided by Plaintiff, it was returned as undeliverable.

By Order dated July 28, 2016, this matter was reassigned to the calendar of the Honorable Mitchell S. Goldberg. [ECF 13]. On August 12, 2016, Judge Goldberg issued the previously referenced Order that directed Plaintiff to respond to Defendants' motion to dismiss by September 12, 2016. [ECF 14]. As stated, the Order again advised that Plaintiff's failure to respond as directed may result in his case being dismissed for failure to prosecute. [*Id*.]. After determining that Plaintiff had been relocated to SCI-Graterford, the Order was mailed to Plaintiff at that facility. Notwithstanding, the August 12, 2016 Order was returned as undeliverable.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila*., 74 F.3d 1311, 1330 (3d Cir. 1995). Because of the extreme nature of this type of sanction, the Third Circuit Court of Appeals in *Poulis v. State Farm Fire and Casualty Co*., 747 F.2d 863 (3d Cir. 1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of such a dismissal order is appropriate. *Id*. at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness

of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 868. However, not all of the factors need weigh in favor of entering the dismissal order against a plaintiff nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). A decision to enter a dismissal order is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As stated, it is within this Court's discretion to dismiss this case for failure to prosecute should the review and balancing of the *Poulis* factors warrant such a ruling. Therefore, each *Poulis* factor will be briefly addressed and weighed to determine whether the dismissal of Plaintiff's complaint is warranted.

### *1. Extent of Plaintiff's Responsibility*

Plaintiff is proceeding *pro se* in this matter. Thus, he alone is responsible for his failure to comply with this Court's orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2006). Since his failures to comply with this Court's orders cannot be attributed to counsel or another party, this factor weighs in favor of dismissal.

### *2. Prejudice to Defendants*

Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to defend against a case and/or prepare for trial. *Ware v. Roadle Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to respond to Defendants' motion to dismiss, the Court's August 12, 2016 Order, or to court-initiated communication over a period of more than eighteen

4

(18) months has prevented Defendants from obtaining relief in any way other than by dismissal of this action. Under the circumstances, this factor weighs in favor of dismissal.

### 3. *Plaintiff's History of Dilatoriness*

Plaintiff's dilatory conduct has been outlined. Since first being notified on June 15, 2015, that his case had not been selected for representation by a panel attorney, Plaintiff has failed to communicate with the Court entirely. Plaintiff's dilatoriness is evidenced by his failure to respond to any of the three letters sent to him by the Clerk's office or the Court's August 12, 2016 Order, all of which advised Plaintiff that his failure to respond may result in dismissal of his action. Indeed, Plaintiff has done nothing in this case since January 22, 2015, that would evidence any desire on his part to continue to pursue this action. This factor, therefore, weighs in favor of dismissal.

### 4. *Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's repeated failure to respond to any of the communications from the Clerk's office or to take any action in response to the Court's August 12, 2016 Order, evidences willfulness. Thus, this factor weighs in favor of dismissal.

### 5. *Effectiveness of Sanctions other than Dismissal*

Plaintiff's inaction since 2015 and his repeated failures to respond to the letters from the Clerk's office and the Court's August 12, 2016 Order have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future

compliance. In light of the procedural history of this case, Plaintiff has simply ignored communications and previous Orders of the Court, all of which informed him that failure to respond might result in dismissal of his action. In the absence of any mitigating circumstances or offered justification for his repeated failures, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of dismissal.

### 6. *Meritoriousness of Plaintiff's Claim*

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of any discovery to date, and Plaintiff's failure to respond to Defendants' motion to dismiss, it is difficult to assess the merit of his claim. This Court, therefore, finds this factor neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors collectively weigh in favor of dismissal. As such, Plaintiff's claims are dismissed for failure to prosecute. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.